**McCARTER & ENGLISH, LLP**
William S. Greenberg
William J. Heller
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Plaintiff, Cellco Partnership d/b/a Verizon Wireless

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DATA FIND SOLUTIONS, INC., JAMES KESTER, FIRST SOURCE INFORMATION SPECIALISTS, 1ST SOURCE INFORMATION SPECIALISTS INC., KENNETH W. GORMAN, STEVEN SCHWARTZ, JOHN DOES 1-100, AND XYZ CORPS. 1-100,**<br><br>Defendants. | Civil Action<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, JURY DEMAND and CERTIFICATIONS (LOCAL RULES 11.2 AND 201.1(d)(3))** |

Plaintiff CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS (hereinafter "Plaintiff," "Verizon Wireless," or "the Company"), by and through its undersigned counsel, sues the Defendants, DATA FIND SOLUTIONS, INC. ("Data Find"), JAMES KESTER ("Kester"), FIRST SOURCE INFORMATION SPECIALISTS ("First Source"), 1ST SOURCE INFORMATION SPECIALISTS INC. ("1st Source"), KENNETH W. GORMAN ("Gorman"), STEVEN SCHWARTZ ("Schwartz"), JOHN DOES 1-100 ("Does") AND XYZ

1

CORPORATIONS 1-100 (collectively "Defendants"), and alleges:

## SUMMARY AND NATURE OF THE ACTION

1. Verizon Wireless brings this action to stop Defendants from obtaining confidential customer information through fraud and deception, and to stop Defendants from advertising and selling such information via their various websites and other means. Defendants attempt to obtain this information by calling Verizon Wireless customer service centers and posing as a Verizon Wireless employee who needs access to confidential customer information. In one common scheme, callers from one or more of the Defendants pose as a Verizon Wireless employee and claims to be calling on behalf of a customer with a disability, whom they also impersonate. This is just one of the many schemes that the Defendants employ to attempt, with occasional success, to fraudulently obtain confidential customer information from Verizon Wireless' customer service representatives ("CSRs").

2. The Defendants' fraud is massive and ongoing. In the past months, Defendants have made hundreds of calls to Verizon Wireless customer service centers.

3. Verizon Wireless goes to great lengths to ensure that information regarding its customers, including information concerning customers' identity, billing address, and calling records, is maintained in confidence by its CSRs. Verizon Wireless provides its CSRs with extensive training and with detailed instructions concerning the importance and need for customer privacy.

4. Notwithstanding these precautions, Defendants continuing scheme threatens to invade the privacy of Verizon Wireless' customers and erode the reputation of Verizon Wireless.

5. Verizon Wireless thus brings this action: (a) to obtain temporary and permanent

injunctive relief to stop the Defendants and their principals, and all acting in concert with them, from engaging in further improper conduct that results in Verizon Wireless suffering immediate, irreparable harm; (b) to seek replevin of all of Verizon Wireless' customer information in the possession of Defendants, regardless of the form or manner of storage, including without limitation Verizon Wireless' customer information existing on Defendants' computers and hard drives; (c) to obtain from Defendants the identities of their customers, and all persons or entities to whom they have communicated or transferred any Verizon Wireless customer information; (d) to seek an order requiring Defendants to account for and to disgorge all profits obtained as a result of their fraud and/or conversion of Verizon Wireless' confidential customer information; (e) to compensate Verizon Wireless for the damages caused by the Defendants' illegal and/or fraudulent conduct; and (f) to obtain such other and further relief as the Court deems equitable and appropriate, including costs and/or attorney's fees as directed by law.

## PARTIES, JURISDICTION, AND VENUE

6.     Verizon Wireless is a Delaware general partnership with its principal place of business at 180 Washington Valley Road, Bedminster, New Jersey 07921.

7.     Defendant Data Find Solutions, Inc. is a Tennessee corporation with its principal place of business at 2911 Tazewell Pike, Knoxville, Tennessee 37918. Upon information and belief, Data Find Solutions, Inc., either individually or in concert with one or more other Defendants, owned and/or operated websites, including www.locatecell.com, www.celltolls.com, www.datafind.org, and www.peoplesearchamerica.com, which purport to sell wireless telephone records and other confidential customer information over the internet. As described below, Data Find Solutions, Inc. has, through deceit, trickery and dishonesty, obtained Verizon Wireless' private customer information and received proceeds from the sale of such information.

8. Defendant James Kester is, upon information and belief, the principal of Data Find Solutions, Inc. with an address at 5336 Summer Rose Boulevard, Knoxville, Tennessee 37918.

9. Upon information and belief, Defendant First Source Information Specialists is a Florida corporation with its principal place of business at 7101 W Commercial Boulevard, Tamarac, Florida 33319.

10. Defendant 1st Source Information Specialists Inc. is a Florida corporation with its principal place of business at 7361 Granville Drive, Tamarac, Florida 33321. 1st Source is the registrant of the www.datafind.org domain name. The registration of that domain name lists 1st Source's address as 7101 W Commercial Boulevard, Tamarac, Florida 33319, the same as First Source.

11. Upon information and belief, First Source and 1st Source are the same entity.

12. Upon information and belief, First Source and 1st Source have the same physical address.

13. Upon information and belief, First Source and 1st Source have common ownership, in whole or in part.

14. Upon information and belief, First Source and 1st Source, either individually or in concert with one or more other Defendants, owns and/or operates websites, including www.locatecell.com, www.celltolls.com, www.datafind.org, and www.peoplesearchamerica.com, which purport to sell wireless telephone records and other confidential customer information over the internet. Upon information and belief, Data Find Solutions, Inc. recently transferred these websites and operations to 1st Source. As described below, First Source has, through deceit, trickery and dishonesty, obtained Verizon Wireless'

4

private customer information and received proceeds from the sale of such information.

15. Defendant Kenneth W. Gorman is, upon information and belief, a principal of First Source and 1st Source, with an address at 4572 NE Lorraine Circle, Jensen Beach, Florida 34957.

16. Defendant Steven Schwartz is, upon information and belief, a principal of First Source and 1st Source, with an address at 7361 Granville Drive, Tamarac, Florida 33321.

17. Defendants John Does 1-100, whose identities and addresses are presently unknown to Verizon Wireless, are individuals who, upon information belief, have illicitly attempted to obtain Verizon Wireless' private customer information and/or have received proceeds from the sale of such information.

18. Defendants XYZ Corporations 1-100, whose names presently are unknown to Verizon Wireless, are one or more corporations that are affiliated, related to, owned, controlled by, doing business with, or in active concert or participation with, one or more Defendants. The XYZ Corporations, upon information and belief, have illicitly obtained and disseminated Verizon Wireless' private customer information and/or have received proceeds from the sale of such information.

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims.

20. This Court has jurisdiction over the Defendants in connection with the claims asserted in this Complaint because Defendants transact business within the state, have committed tortious acts within the state, have committed tortious injury in this state caused by an act or

omission outside the state and regularly do or solicit business, or engage in other persistent course of conduct or derive substantial revenue from goods used or consumed, or services rendered in this state.

21. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants have caused tortious injury within the District of New Jersey, and because a substantial part of the events giving rise to the claim occurred in New Jersey, or were directed toward Verizon Wireless in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22. Verizon Wireless is a leading provider of wireless communications, with more than 49 million customers. Verizon Wireless provides these customers with the highest level of customer service by employing approximately 15,000 customer service representatives ("CSRs") who are available by telephone to field inquiries from customers.

23. Verizon Wireless' customer service network of CSRs may be accessed by Verizon Wireless customers by calling an 800 number or *611 from a wireless phone. Verizon Wireless' CSRs work directly with Verizon Wireless' customers and are dedicated to providing world-class customer service by answering questions and resolving customer issues quickly and accurately. All newly hired Verizon Wireless CSRs receive four to six weeks of training, which includes training regarding customer privacy issues.

24. The wireless phone service industry is very competitive. Thus, maintaining customer satisfaction levels is of vital importance in allowing Verizon Wireless to maintain its preeminence in the market. Having CSRs available by phone to address customer inquiries is an important component of Verizon Wireless' commitment to providing customers the highest level of satisfaction.

25. Verizon Wireless spends a significant amount of money to employ and train its CSRs to be available by telephone to field inquiries from customers in a timely, efficient, and effective manner.

26. In its customer contracts, Verizon Wireless commits that it will not intentionally share personal information about the customer without his or her permission, except under limited circumstances such as the receipt of legal process requiring the production of such information. CSRs must follow a verification process before providing customer information over the telephone.

27. Verizon Wireless also must comply with federal law, including 47 U.S.C. § 222, which requires it to maintain the privacy of customer proprietary network information.

28. Verizon Wireless further requires its CSRs to abide by a Code of Business Conduct, which emphasizes the importance of maintaining the confidentiality of its customers' information. Among other things, it provides that:

   A. Company records of customer information, such as the name and address of the customer, may be disclosed outside the Company only with the customer's consent, in accordance with Company procedures or lawful process such as a subpoena, court order or search warrant; and

   B. A customer service representative may not access or disclose customer information unless there is a proper business reason or legal process, or give a customer's personal information to a third party without appropriate authorization from the customer in compliance with Company guidelines.

29. Despite the precautions taken by Verizon Wireless to preserve the confidentiality of its customers' information, Defendants have made "social engineering" phone calls to Verizon

7

Wireless customer service centers. In a "social engineering" call, the caller attempts to gain access to confidential information through deceit, often by impersonating a Verizon Wireless customer or employee, or otherwise convincing the CSR to provide private information on an account.

30. Defendants' fraudulent calls employ unique patterns of deception, which often involve impersonating a Verizon Wireless employee. In one common pattern, one of the Defendants or its agent poses as a Verizon employee and claims to be calling on behalf of a "voice impaired customer." The "customer," also an impostor, is then brought onto the line but it is nearly impossible to understand what that "voice impaired customer" is saying because his or her speech is distorted, upon information and belief, through the use of some mechanical device. Defendants then attempt to gain access to private information by telling the CSR that the customer has already been "verified." If the CSR insists on obtaining first-hand verification from the customer, the "voice impaired customer" speaks as if he or she is supplying the verifying information to the CSR but he or she cannot be understood due to the distortion on the "customer's" voice. The caller who is posing as a Verizon employee then insists that the customer has been verified and requests confidential information from the CSR.

31. Verizon Wireless has identified dozens of calls matching the pattern described above. In many of those instances, Verizon Wireless has determined the originating phone number for the call and obtained a recording of the phone call. Some of the telephone numbers that originated these phone calls include 954-597-7730, 954-597-7732, 954-597-8532, 954-718-0471, 954-718-0474, 954-720-2567, and 954-720-2568. Verizon Wireless has confirmed through Bell South, the phone company that controls these phone numbers, that the subscriber to all of these telephone numbers is Defendant First Source, and that the phone bills for these lines

8

are sent to First Source at 7101 W Commercial Boulevard, Tamarac, Florida 33319.

32. By way of example, Verizon Wireless has attached as Exhibit A a transcript of a fraudulent call using the scheme described above, with the transcript redacted in part to protect the customer's privacy. This call was received by a Verizon Wireless customer service center on October 10, 2005, and originated from 954-597-7732. The caller posed as a Verizon Wireless employee and claimed to be calling on behalf of a voice impaired customer. No confidential information was disclosed during this call. As stated above, the subscriber to number 954-597-7732 is Defendant First Source Information Specialists, and the phone bills for that line are sent to First Source at 7101 W Commercial Boulevard, Tamarac, Florida 33319.

33. As an additional example, Verizon Wireless has attached as Exhibit B a transcript of a fraudulent call using the scheme described above, with the transcript redacted in part to protect the customer's privacy. This call was received by a Verizon Wireless customer service center on October 20, 2005, and originated from 954-597-8532. The caller posed as a Verizon Wireless employee and claimed to be calling on behalf of a voice impaired customer. No confidential information was disclosed during this call. As stated above, the subscriber to number 954-597-8532 is Defendant First Source Information Specialists, and the phone bills for that line are sent to First Source at 7101 W Commercial Boulevard, Tamarac, Florida 33319.

34. Defendants also have used other fraudulent social engineering tactics to obtain private, confidential information on Verizon Wireless customers.

35. On information and belief, in each of these calls, Defendants have sought to extract confidential information on Verizon Wireless customers, and subsequently provide that information to third parties who have hired Defendants for that purpose.

36. Defendants continue to make a massive number of fraudulent calls to Verizon

9

Wireless' customer service centers and, unless they are immediately restrained and enjoined from doing so, they will continue to engage in the wrongful conduct to the extreme detriment of Verizon Wireless and its customers. Moreover, Defendants' abuse of the customer service operations of Verizon Wireless detracts from the service provided to legitimate customers with genuine inquiries.

37.   Defendants' website or websites advertise that they are capable, for a fee, of obtaining private information such as cell phone call records. Attached hereto as Exhibit C are true and correct copies of pages printed from www.locatecell.com, www.celltolls.com, www.datafind.org, and www.peoplesearchamerica.com.

38.   Defendants have not obtained authorization to access Verizon Wireless' customer accounts from Verizon Wireless, from Verizon Wireless' customers, or from duly issued subpoenas or court orders. Therefore, Defendants or their agents cannot lawfully obtain from Verizon Wireless the confidential customer information and records that they advertise they will obtain.

39.   Upon information and belief, in some of these calls with CSRs, Defendants' have improperly obtained confidential information about Verizon Wireless customers, and have subsequently provided that illegally obtained information to third parties who have paid Defendants a fee for the improperly obtained Verizon Wireless confidential customer information.

40.   Defendants' websites continue to advertise their services over the internet and, unless immediately restrained and enjoined from doing so, they will continue to engage in the wrongful conduct to the extreme detriment of Verizon Wireless and its customers.

41.   Upon information and belief, some of the Defendants, or all of them, are

collaborating to wrongfully obtain confidential calling records and information to which they are not entitled, to the extreme detriment of Verizon Wireless and its customers.

42. Upon information and belief, the Defendants also work with or through other corporate entities and individuals (XYZ Corporations and Does) that collaborate with Defendants to fraudulently obtain confidential information on Verizon Wireless customers.

43. Verizon Wireless has been irreparably harmed in a number of ways by Defendants' unscrupulous practices pursuant to which Verizon Wireless' CSRs have been duped into providing information to unauthorized individuals, including the following:

    A.    Verizon Wireless' reputation has been severely harmed and the goodwill associated with it has been tarnished to a degree and extent that is incalculable;

    B.    Verizon Wireless' customers whose information has wrongfully been obtained by Defendants have blamed Verizon Wireless, thereby endangering the Company's relationships with its customers; and

    C.    Verizon Wireless' customer service operations have been compromised by Defendants' deception of its CSRs and abuse of its systems.

44. These same defendants have been sued by other wireless carriers in the United States for the same or substantially similar improper activities. One such case is pending in the United States District Court for the Northern District of Georgia (Civil Action No. 1:05-CV-3269-CC.) On January 13. 2006, the Honorable Clarence Cooper issued a Temporary Restraining Order against these same defendants for violating the similar rights of Cingular Wireless, LLC.

## COUNT ONE

### (Fraud)

45. Verizon Wireless hereby incorporates by reference and realleges each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

46. By calling Verizon Wireless' CSRs and pretending to be Verizon Wireless employees and customers, Defendants, by and through their employees and agents, have made numerous false statements of fact.

47. These statements were known by Defendants to be false when made.

48. Defendants intended Verizon Wireless to rely on these statements.

49. The false statements made by Defendants were made for the purpose of inducing Verizon Wireless to act in reliance.

50. Defendants have acted willfully, wantonly, and with malice.

51. Verizon Wireless has reasonably relied upon Defendants' false statements, and has been irreparably harmed and damaged as a result.

52. Defendants' actions constitute an actionable fraud.

53. If Defendants are not enjoined, Defendants will continue to engage in fraudulent conduct, causing irreparable harm to Verizon Wireless.

54. Because Defendants have acted willfully, wantonly, and with malice, Defendants should provide an accounting for, and should be ordered to disgorge, any and all profits wrongfully obtained as a result of their fraud.

55. Because Defendants have acted willfully, wantonly, and with malice, Verizon Wireless is entitled to punitive damages in an amount sufficient to deter Defendants from engaging in similar conduct in the future.

## COUNT TWO

### (Conversion)

56. Verizon Wireless hereby incorporates by reference and realleges each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

57. Defendants have received and are in possession of Verizon Wireless' customer information to which they are not entitled.

58. By commercially utilizing Verizon Wireless' confidential customer information and providing it to third parties, Defendants wrongfully have exercised dominion and control over Verizon Wireless' property, thereby depriving Verizon Wireless of its ownership interest. Defendants are not entitled to use Verizon Wireless' property in any way.

59. Such actions constitute a conversion of property rightfully belonging to Verizon Wireless.

60. Defendants have acted willfully, wantonly, and with malice.

61. As a direct and proximate result of Defendants' conduct, Verizon Wireless has suffered irreparable harm and damages in an amount to be proved at trial.

62. Unless they are enjoined, Defendants will continue to convert Verizon Wireless' confidential customer information and thereby cause irreparable harm to Verizon Wireless.

63. Because Defendants have acted willfully, wantonly, and with malice, Defendants should provide an accounting for, and should be ordered to disgorge, any and all profits wrongfully obtained as a result of their conversion of Verizon Wireless' confidential customer information.

64. Because Defendants have acted willfully, wantonly, and with malice, Verizon

Wireless is entitled to punitive damages in an amount sufficient to deter Defendants from engaging in similar conduct in the future.

## COUNT THREE

### (Unfair Competition and Trade Practices)

65. Verizon Wireless hereby incorporates by reference and realleges each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

66. Defendants' behavior constitutes an unconscionable act and practice, and an unfair and deceptive act and practice, in the conduct of trade and commerce.

67. Verizon Wireless has expended millions of dollars every year to protect Verizon Wireless' confidential customer information.

68. Defendants have engaged in a course of conduct that is intentionally and foreseeably calculated to undermine and/or destroy Verizon Wireless' rights to fully benefit from its ownership rights in and to Verizon Wireless' confidential customer information.

69. Defendants intended thereby to seize the value of Verizon Wireless' confidential customer information for its own benefit and indirectly for the benefit of its clients.

70. In furtherance of its scheme of unfair competition, Defendants have engaged in the following conduct:

    A.    Misappropriating Verizon Wireless' confidential customer information;

    B.    Violating confidentiality provisions between Verizon Wireless and its subscribers;

    C.    Inducing and encouraging others to violate confidentiality provisions and to misappropriate Verizon Wireless' confidential customer information;

   D. Using deceptive means and practices in dealing with Verizon Wireless; and

   E. Other methods of unlawful and/or unfair competition.

71. Defendants have acted willfully, wantonly, and with malice.

72. Unless they are enjoined, Defendants will continue to cause Verizon Wireless irreparable harm.

73. As a result of Defendants' behavior, Verizon Wireless has been irreparably harmed and damaged.

## COUNT FOUR

### (Civil Conspiracy)

74. Verizon Wireless hereby incorporates by reference and realleges each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

75. Upon information and belief, in connection with the foregoing actions, Defendants and their customers have entered into agreements or confederations with each other and third parties with a common design to engage in an unlawful purpose of converting confidential Verizon Wireless customer information, through fraud and/or other unlawful means, which agreement has caused Verizon Wireless to suffer irreparable harm and damages.

76. Defendants have acted willfully, wantonly, and with malice.

77. In engaging in the foregoing conduct, one or more of the Defendants have engaged in overt acts in furtherance of the conspiracy, which have been the actual and proximate cause of damage to Verizon Wireless.

## COUNT FIVE

### (Replevin)

78. Verizon Wireless hereby incorporates by reference and realleges each and every allegation of the prior paragraphs of the Complaint as if set forth completely herein.

79. Defendants have unlawfully received and unlawfully possess Verizon Wireless' customer information to which they are not entitled.

80. The property consists of any confidential information pertaining to Verizon Wireless' customers and recorded in written form by Defendants, including but not limited to the customers' names, home addresses, calling records, billing addresses, billing records, telephone numbers, and passwords. The value of Verizon Wireless' property is immeasurable and is difficult to ascertain with any certainty.

81. The property has not been taken under an execution or attachment against Verizon Wireless' property.

82. Verizon Wireless is entitled to the possession of the property as the rightful owner of the property.

83. Verizon Wireless is entitled to immediate possession of its customer information as the rightful owner of the property and because Defendants are engaging in conduct that places the confidential information in danger of improperly being used, copied, sold, or otherwise disclosed to third parties.

84. Verizon Wireless is entitled to replevin of all of its customer information in the possession of the Defendants, regardless of form or manner of storage, including without limitation Verizon Wireless' customer information existing on Defendants' computers and hard drives.

WHEREFORE, Verizon Wireless prays that judgment be entered in its favor and against Defendants as follows:

    (a)    That Defendants and any of their directors, officers, agents, servants, and employees, and those persons and entities in active concert or participation with them, be preliminarily and permanently enjoined from:

        (i)    attempting, directly or indirectly, to obtain any information from Verizon Wireless regarding any of Verizon Wireless' customers;

        (ii)    using the name or identity of any Verizon Wireless employee or customer for any purpose;

        (iii)    contacting Verizon Wireless for any reason;

        (iv)    providing any Verizon Wireless customer information currently in their possession to any third parties;

        (v)    advertising that Defendants can or will obtain information regarding wireless telephone subscribers, including but not limited to making such representations on any website; and

        (vi)    possessing any confidential customer information obtained from Verizon Wireless, regardless of form or manner of storage.

    (b)    That Defendants be ordered to return to Verizon Wireless all confidential Verizon Wireless customer information in their possession, regardless of the form or manner of storage, including all copies of such information;

    (c)    That Defendants be required to account for and to disgorge all profits obtained as

17

a result of their fraud and/or conversion of Verizon Wireless' confidential customer information;

(d) That Defendants be ordered to pay Verizon Wireless compensatory and punitive damages, together with interest thereon; and

(e) That Verizon Wireless be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate, including (i) an accounting of each and every person or entity that has been provided with Verizon Wireless' confidential customer information; and (ii) an award of costs and attorneys' fees.

Respectfully submitted,

McCARTER & ENGLISH, LLP

By: *[signature]*
William S. Greenberg
William J. Heller
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-0652
(973) 622-4444

Attorneys for Plaintiff,
Cellco Partnership d/b/a Verizon Wireless

Dated: January 24, 2006

## JURY DEMAND

Verizon Wireless demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

Dated: January 24, 2006

McCARTER & ENGLISH, LLP

By: *[signature]*
William S. Greenberg
William J. Heller
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-0652
(973) 622-4444

Attorneys for Plaintiff,
Cellco Partnership d/b/a Verizon Wireless

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the within action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceeding.

Dated: January 24, 2006

McCARTER & ENGLISH, LLP

By: *[signature]*
William S. Greenberg
William J. Heller
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-0652
(973) 622-4444

Attorneys for Plaintiff,
Cellco Partnership d/b/a Verizon Wireless

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)(3)

Pursuant to Local Civil Rule 201.1(d)(3), I hereby certify that the damages recoverable in this action exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages.

Dated: January 24, 2006

McCARTER & ENGLISH, LLP

By: *[signature]*
William S. Greenberg
William J. Heller
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07101-0652
(973) 622-4444

Attorneys for Plaintiff,
Cellco Partnership d/b/a Verizon Wireless