[16]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | Civil Action No. 06-326 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| DATA FIND SOLUTIONS, INC., JAMES KESTER, FIRST SOURCE INFORMATION SPECIALISTS INC., 1st SOURCE INFORMATION SPECIALISTS, KENNETH W. GORMAN, STEVEN SCHWARTZ, JOHN DOES 1-100, AND XYZ CORPS.1-100, | RECEIVED  MAY 2 2 2007  AT 8:30_____M  WILLIAM T. WALSH  CLERK |
| Defendants. | |

**WOLFSON, District Judge**

Presently before the Court is a motion by Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") for default judgment on its claims against the remaining Defendants[1], First Source Information Specialists Inc., 1st Source Information Specialists, Kenneth W. Gorman, and Steven Schwartz ("Defendants"), for failure to appear or otherwise respond to Plaintiff's Complaint of January 24, 2006 . For the reasons set forth below, Plaintiff's motion for default judgment will be granted and injunctive relief will be entered; however, Plaintiff's motion for

---

[1] The Court notes that pursuant to an Order dated March 20, 2007, Plaintiff's claims against Data Find Solutions, Inc., and James Kester were dismissed.

1

attorney's fees is denied.

## I. BACKGROUND

Plaintiff, Verizon Wireless, is a leading provider of wireless communications with more than 49 million customers. Pl's Compl. ¶ 22. Verizon Wireless uses more than 15,000 customer service representatives ("CSRs") to provide its customers a high level of customer service by fielding telephone inquiries from customers. Id. Verizon Wireless spends a significant amount of money to train and employ its CSRs to provide efficient, timely and effective customer service. Id. ¶ 25. Further, Verizon Wireless requires its CSRs to abide by a Code of Business Conduct that emphasizes the importance of maintaining the confidentiality of its customer information; for example, customer records may only be disclosed outside the company with the customer's consent or in accordance with lawful process such as a subpoena. Id. ¶ 28. Indeed, Verizon Wireless must comply with federal laws that require it to maintain the privacy of proprietary customer information; thus, the company provides that it will not intentionally share personal customer information without the customer's permission except under limited circumstances. Id. ¶¶ 26, 27.

In the instant case, Plaintiffs allege that Defendants, First Source and 1st Source, and their principals, Gorman and Schwartz, attempted to unlawfully obtain confidential customer information from Verizon Wireless and to sell this information over the internet for profit. Pl's Compl. ¶¶ 9, 10, 15 & 16. Indeed, despite the numerous precautions that Verizon Wireless utilizes to preserve the confidentiality of its customer information, Plaintiff contends that Defendants have made "social engineering" calls to Verizon Wireless customer service centers.

2

Id. ¶29. Through these phone calls, Defendants unlawfully attempted to gain access to confidential information using deceitful and fraudulent means; in one scheme, for example, Plaintiff alleged that Defendants impersonated Verizon Wireless customers or employees or otherwise convinced CSRs to provide confidential account information on Verizon Wireless customers. Id. ¶29, 30. Defendants cannot lawfully obtain this information, however, as they had not obtained authorization to access Verizon Wireless' customer accounts from Verizon, from Verizon customers or from subpoenas or court orders. Id. ¶38. Thus, Plaintiff argues that Defendants improperly obtained confidential information about Verizon Wireless customers and subsequently provided that information to third parties for a fee. Id. ¶ 39. Moreover, Plaintiff contends that Defendants' scheme is "massive and ongoing" and that Defendants have made hundreds of calls to Verizon Wireless customer service centers in the months before the Complaint was filed. Pl's Compl. ¶¶ 1,2.

As a result of Defendants' actions, on January 24, 2006, Plaintiff commenced this suit against Defendants. Defendants were served with a copy of the Summons and Complaint on January 25, 2006. Defendants refused to plead or otherwise appear. Thereafter, on March 20, 2007, Plaintiffs requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a) and default was entered on March 21, 2007. On March 23, 2007, Plaintiff filed the instant Motion for Default Judgment. The Motion was returnable on April 16, 2007. As of May 17, 2007, Defendants have not responded to nor opposed this Motion.

## II. STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a

default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for default judgment. Chamberlain v. Giampapa, 210 F. 3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comodyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. DISCUSSION

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed.1998)). Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F.Supp.2d 715, 717 (D.N.J.2004)).

In the instant matter, Verizon Wireless filed a Complaint on January 24, 2006 setting

4

forth numerous causes of action against the Defendants including fraud, conversion, unfair competition and trade practices, and civil conspiracy. Plaintiff's Complaint sought injunctive relief to prevent the Defendants from obtaining confidential customer information through fraud and deception and to stop Defendants from selling such information to third parties. Pl's Compl. ¶¶ 1,5. In the Complaint, Plaintiff requested the following relief: (1) temporary and permanent injunctive relief to stop the Defendants from engaging in further conduct that harms Verizon Wireless; (2) replevin of all of Plaintiff's customer information in Defendants' possession; (3) to obtain from the Defendants the identities of their customers and all persons or entities to whom they communicated or transferred any Verizon Wireless customer information; (4) an order requiring Defendants to account for and disgorge all profits obtained as a result of their fraud and/or conversion of Plaintiff's confidential customer information; (5) to compensate Verizon Wireless for damages caused by Defendants' illegal conduct; and (6) to obtain other relief that this Court deems appropriate including costs and/or attorney's fees.

Defendants were served with a summons and Complaint on January 25, 2006. Since that time, Defendants have failed to appear or defend Plaintiff's claims against them. Moreover, on March 21, 2007, an entry of default was made by the Clerk of the Court against the remaining Defendants. Subsequently, on March 23, 2007, Plaintiff filed a Motion for Default Judgment. As of May 16, 2007, Defendants have failed to appear or to oppose this motion. Thus, the Court finds that a grant of Default Judgment is appropriate. Moreover, the facts plead in the Complaint appear sufficient to support Plaintiff's various causes of action and the Court will enter an Order granting injunctive relief against the Defendants.

In addition to requesting various forms of injunctive relief, Plaintiff's Complaint set forth

a request for attorney's fees. Pl's Compl. at p. 18. However, Plaintiff does not set forth any statutory, common law or other basis for attorney fees; instead, Plaintiff contends that an award of fees is warranted in this matter pursuant to this Court's power to impose sanctions, including awards of attorney's fees, on parties who abuse the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Specifically, Plaintiff argues that Defendants' failure to plead or defend this lawsuit amounts to litigant misconduct and, for this reason, asks that this Court award $64,719.02 in attorney's fees and costs to Plaintiff, including the costs and fees incurred through the briefing and filing of the instant default judgment action. The Court does not agree.

Generally, the "American Rule" prohibits fee shifting in most cases. Chambers, 501 U.S. at 45. However, a court may award attorney's fees pursuant to one of several exceptions to the "American Rule" including as a sanction "for the wilful disobedience of a court order" or when a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Id. (citations omitted). In the instant matter, Defendant's refusal to appear and defend in this action does not amount to bad faith or vexatious conduct and, therefore, does not rise to the standard set forth in Chambers. Thus, Plaintiff's request for fees is denied.

## IV. CONCLUSION

For the foregoing reasons, Verizon Wireless' Motion for Default Judgment against the remaining Defendants is **GRANTED**. However, Plaintiff's request for attorney's fees and costs will be denied. An appropriate order will follow.

/s/ Freda L. Wolfson

Honorable Freda L. Wolfson
United States District Judge